**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY, FL**

DAVID EUWEMA AND
CHARYL EUWEMA

 Plaintiffs,

v.

OSCEOLA COUNTY,
OSCEOLA COUNTY FIRE RESCUE & EMS,
ORANGE COUNTY,
ORANGE COUNTY FIRE & RESCUE,
CITY OF ST. CLOUD,
CITY OF ST. CLOUD FIRE & RESCUE,
CITY OF KISSIMMEE,
CITY OF KISSIMMEE FIRE DEPARTMENT,
and SCOTT KILMER, an individual

Defendants.
_____/

## COMPLAINT AGAINST DEFENDANTS

Plaintiffs, DAVID EUWEMA and CHARYL EUWEMA ("PLAINTIFFS and HOMEOWNERS") file this complaint against Defendants, ORANGE COUNTY, ORANGE COUNTY FIRE & RESCUE, CITY OF ST. CLOUD, CITY OF ST. CLOUD FIRE & RESCUE, OSCEOLA COUNTY, OSCEOLA COUNTY FIRE RESCUE & EMS, CITY OF KISSIMMEE, CITY OF KISSIMMEE FIRE DEPARTMENT, and SCOTT KILMER (collectively "DEFENDANTS"), and allege the following:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to §26.012 and § 768.28(1) *Florida Statutes* (2018), and as a result of the Plaintiffs seeking equitable remedies and monetary compensation in excess of $15,000.00 exclusive of interest and costs.

2.     This Court has personal jurisdiction over the parties to this action pursuant to 768.28(1) *Florida Statutes* (2018) because the property and incident occurred within Osceola County.

3.     Additionally, the Ninth Judicial Circuit has personal jurisdiction over the Defendants pursuant to *Florida Statutes* (2018) § 48.193 because tortious acts occurred within the State of Florida in Osceola County.

4.     Venue properly lies in Osceola County, Florida pursuant to §§ 47.011 and 768.28 *Florida Statutes* (2018) because this is where the cause of action accrued and where the property in dispute is located.

5.     Pursuant to § 768.28(6)(a), *Florida Statutes* (2018), the Plaintiffs notified the Defendants and the Florida Department of Financial Services of their claims six (6) months or more prior to the filing of this action.

6.     The Defendant government entities (ORANGE COUNTY, ORANGE COUNTY FIRE & RESCUE, CITY OF ST. CLOUD, CITY OF ST. CLOUD FIRE & RESCUE, OSCEOLA COUNTY, OSCEOLA COUNTY FIRE RESCUE & EMS, CITY OF KISSIMMEE, CITY OF KISSIMMEE FIRE DEPARTMENT) have clearly and unequivocally waived their sovereign immunity in all matters related to this cause of action in the following ways:

a. By virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as all Florida State Law counts within this complaint involve torts against state agencies/subdivisions for loss of property, personal injury, negligent acts, wrongful acts, and the like.

b. Additionally, as to counts against Defendants for violations of Federal Law, Florida Statute § 768.28(18) is applicable.

## PARTIES

7. Plaintiff, DAVID EUWEMA is an individual that maintains his personal residence in Osceola County, Florida. He is, and at all times material to this lawsuit was, a citizen of the State of Florida.

8. Plaintiff, CHARYL EUWEMA is an individual that maintains her personal residence in Osceola County, Florida. She is, and at all times material to this lawsuit was, a citizen of the State of Florida.

9. Defendant, OSCEOLA COUNTY, is a political subdivision of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of OSCEOLA COUNTY FIRE RESCUE & EMS at all times material hereto.

10. Defendant, OSCEOLA COUNTY FIRE RESCUE & EMS, is a political subdivision duly incorporated under the laws of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the OSCEOLA COUNTY FIRE RESCUE & EMS employees at all times material hereto.

11. Defendant, ORANGE COUNTY, is a political subdivision of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the ORANGE COUNTY FIRE & RESCUE at all times material hereto.

12.     Defendant, ORANGE COUNTY FIRE & RESCUE, is a political subdivision duly incorporated under the laws of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the ORANGE COUNTY FIRE RESCUE employees at all times material hereto.

13.     Defendant, CITY OF ST. CLOUD, is a municipal corporation existing by and under the laws of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the ST. CLOUD FIRE & RESCUE at all times material hereto.

14.     Defendant, ST. CLOUD FIRE & RESCUE, is a political subdivision duly incorporated under the laws of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the ST. CLOUD FIRE RESCUE employees at all times material hereto.

15.     Defendant, CITY OF KISSIMMEE, is a municipal corporation existing by and under the laws of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the KISSIMMEE FIRE DEPARTMENT at all times material hereto.

16.     Defendant, KISSIMMEE FIRE DEPARTMENT, is a political subdivision duly incorporated under the laws of the State of Florida, which is and was responsible for the operation, administration, management, and oversight of the activities of the KISSIMMEE FIRE DEPARTMENT employees at all times material hereto.

17.     Defendant, SCOTT KILMER, was an employee of the OSCEOLA COUNTY FIRE RESCUE & EMS, who held the rank of Battalion Chief/Paramedic at the time the incidents alleged took place. He is being sued in his individual capacity. Plaintiffs claim that Defendant,

4

SCOTT KILMER, is personally liable for his wanton and willful disregard of safety and property under Fla. Stat. 768.28(9)(a).

18.    To the best of PLAINTIFFS' knowledge, SCOTT KILMER resides at 4151 Oberry Road, Kissimmee, FL 34746 and is a resident of the state of Florida, including at all times relevant hereto.

19.    At all times relevant to this action, Defendant, SCOTT KILMER, was acting as a Battalion Chief/Paramedic and Incident Commander for OSCEOLA COUNTY, and was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or County, and under the direction and control of the County.

20.    At all times herein mentioned, Defendants OSCEOLA COUNTY, OSCEOLA COUNTY FIRE RESCUE & EMS, ORANGE COUNTY, ORANGE COUNTY FIRE RESCUE, CITY OF ST. CLOUD, ST. CLOUD FIRE RESCUE, CITY OF KISSIMMEE, and KISSIMMEE FIRE DEPARTMENT were subject to Fla. Stat. 768.28, the general laws of the State of Florida, and the federal laws of the United States.

## GENERAL FACTUAL BACKGROUND

21.    PLAINTIFFS owned their home for well over twenty (20) years, building, improving, and expanding upon it as their lives changed and grew. They remained in the home they created, and would have stayed in their home, but for the acts/omissions by DEFENDANTS which destroyed their lives.

22.    On July 28, 2016, at 2029 hours, a 911 call was received which reported that there was a fire at a residence located at 990 Shore Drive in Kissimmee, FL—PLAINTIFFS' home. The call came from the adjacent residence.

5

23.     When the fire was noticed, it was completely isolated and contained to the front porch. In fact, the fire was considerably small, and was nearly snuffed-out. Additionally, as shades/blinds/curtains were pulled-up, the inside of the home was visible through the windows and there was no smoke or fire within the inside of the house.

24.     At 2030 hours, service units from OSCEOLA COUNTY FIRE RESCUE, KISSIMMEE FIRE DEPARTMENT, ST. CLOUD FIRE RESCUE, and ORANGE COUNTY FIRE RESCUE (DEFENDANTS) were dispatched to the fire in unincorporated Osceola County.

25.     After DEFENDANTS arrived, their actions/inactions caused the fire to spread.

26.     OSCEOLA COUNTY and/or OSCEOLA COUNTY FIRE RESCUE & EMS was the primary actor associated with the fire incident. Among their personnel dispatched was Defendant SCOTT KILMER ("KILMER"), the Battalion Chief.

27.     Throughout the incident, there were several issues surrounding the leadership and direction provided by OSCEOLA COUNTY and/or OSCEOLA COUNTY FIRE RESCUE as a whole, and most notably, several failures by KILMER to conduct his most basic of duties— protecting the safety of the individuals and their property.

28.     OSCEOLA COUNTY, and/or OSCEOLA COUNTY FIRE RESCUE & EMS, along with KILMER and the other fire-department DEFENDANTS, permitted PLAINTIFFS' home to be burned to the ground in its entirety, by their negligence, deliberate indifference, and/or intentional conduct.

29.     DEFENDANTS discriminated against PLAINTIFFS and treated them/their home differently than they would have treated others due to certain disabilities. DEFENDANTS

preyed on PLAINTIFFS' situation and it is apparent that DEFENDANTS sought to make an example out of PLAINTIFFS.

30.     In fact, to provide example, it was noted that KILMER, as Battalion Chief, frequently stated throughout the incident to "LET IT [the home] BURN". The statement was made frequently and with such a disregard and hatred towards the PLAINTIFFS. KILMER made similar comments with disdain against PLAINTIFFS such as "Let it burn, this will continue to burn until the morning" and "we are going to contain this fire to the structure and burn it to the ground." He also made statements such as "I don't care what you do, just keep it contained to this structure and do not put it out" and "I don't want to put the fire out".

31.     KILMER's statements became the theme of the fire—quite literally despite there being four separate fire departments, KILMER's statement and operations towards PLAINTIFFS' home became the standard policy and procedure for managing the situation.

32.     The inaction of the other departments involved, KISSIMMEE FIRE DEPARTMENT, ST. CLOUD FIRE RESCUE, and ORANGE COUNTY FIRE RESCUE resulted in devastating loss and complete destruction of Plaintiffs' home and all their pets (including a service animal).

33.     Requirements, statutes, procedures, guidelines, and the like were intentionally and wantonly disregarded.

34.     The faulty leadership of KILMER was blindly followed by all departments, even though hushed statements were made during and after the incident, that proper operations, procedures, policies, standards (and the like) were not being followed.

35.     DEFENDANTS simply watched and allowed Plaintiffs' home to burn while there were known opportunities to salvage it, constituting a conscious disregard of Plaintiffs' safety, property and rights under law.

36.     As PLAINTIFFS' home was on a lake and was within 150 feet of a canal (in addition to the several firetruck-water sources available), the DEFENDANTS had ample clear water sources to douse the fire. Moreover, DEFENDANTS did not begin using the fire hydrant available by the home until considerable time passed, essentially only to protect the cypress trees rather than the home.

37.     Unfortunately, it was the goal of the DEFENDANTS to let PLAINTIFFS' home burn to the ground without reason.

38.     Some of OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE/KILMER's negligent and/or intentional/reckless decisions include but are not limited to: assigning a civilian to rehab the firefighters, ceasing hose operations with an active fire still present so that all personnel could eat, releasing crews prematurely, refusing requests from assigned personnel for additional assistance, and an overall lack of generally accepted practices, leadership, and organization.

39.     Five hours after the first units arrived, there was still an active fire due to DEFENDANTS' collective acts and omissions.

40.     The structure, personal property, family pets, a service dog of the family, and nearby items outside the structure owned by the Plaintiffs were a complete and total loss.

41.     The DEFENDANTS each failed to act in accordance with basic operations, procedures, standards of care, policies, statutes, and the like.

42.     An investigator arrived at the incident scene at 2258 hours and spoke with Plaintiffs. After answering the investigator's questions regarding exterior points of ignition, the investigator advised that he would be back the following morning to conduct a full investigation.

43.     Statements were made by the investigator and/or his agents that the fire at Plaintiffs' home could have ignited due to arson, particularly in light of PLAINTIFFS' profession and their status in the community.

44.     When PLAINTIFFS returned to the incident scene very early the next day, the structure was still burning and there was a large "excavator/track hoe" ordered by KILMER and/or OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE & EMS destroying the remaining structure.

45.     The driver of the track hoe (an agent of KILMER and/or OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE & EMS) negligently and/or intentionally pushed the steel framing of the house into the back yard which in turn ignited and damaged several of PLAINTIFFS' boats, classic cars, outdoor structures, yard area, and more. In other words, additional damage was caused, potential evidence of arson was destroyed, and evidence of potential bad acts/other malfeasance was pummeled.

46.     Unfortunately, none of PLAINTIFFS' home, belongings, outdoor areas, etc. were salvageable because everything that had survived the fire was crushed and destroyed by the excavator.

47.     On August 11, 2016, a request was sent to OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE's Human Resources department for an investigation related to

KILMER'S handling of the incident based on commentary circulating throughout the department and the other fire departments involved.

48.     Seven (7) issues were cited and examined in the report conducted by Human Resources and Fire Chief Robert Sorenson. Of the seven (7) listed issues, five were sustained, one was assigned as policy failure, and only one was overruled.

49.     PLAINTIFFS have satisfied all conditions precedent to bringing this cause of action, or such conditions have been effectively waived, including but not limited to the following:

    a.  DEFENDANTS are agencies/entities/officers of the State of Florida or other localities.

    b.  PLAINTIFFS presented the appropriate pre-suit claims in writing to each respective defendant-entity and the Department of Financial Services in compliance with Florida Statues Section 768 on or about July 17, 2018.

    c.  The respective defendant-entities and the Department of Financial Services formally denied the claim and/or failed to provide action on the claim within six (6) months of filing the claim (hence constituting a denial) in or about January 2019.

50.     PLAINTIFFS have retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services.

**I)**     **STATE LAW CLAIMS AGAINST DEFENDANTS**

**COUNT 1 – NEGLIGENCE AGAINST OSCEOLA COUNTY AND OSCEOLA COUNTY FIRE & RESCUE**

51.     This is an action for negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

52.     Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth fully herein.

53.     This is an action for negligence related to the incident resulting in the complete and total loss of Plaintiffs' residential structures, personal property, family pets, a service dog of the family, and nearby items, amongst other things.

54.     Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by OSCEOLA COUNTY FIRE RESCUE & EMS/OSCEOLA; a private person would be liable to PLAINTIFFS for their negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

55.     At all times and places described herein, the actions and/or inactions of Defendant, OSCEOLA COUNTY FIRE & RESCUE, were undertaken, and/or not undertaken, by individuals who were the employees and/or agents of Defendant, OSCEOLA COUNTY, all of whom were, at the time, acting within the course and scope of their employment and or agency; as a result, Defendant, OSCEOLA COUNTY is directly liable, or vicariously liable, for said actions and/or inactions.

56.     At all times relevant to this action, the defendant SCOTT KILMER was employed by defendant OSCEOLA COUNTY FIRE RESCUE & EMS and was acting within the scope and course of his employment. Therefore, defendant OSCEOLA COUNTY FIRE & RESCUE

acted through its employee, defendant SCOTT KILMER at all times relevant to this action and hence is responsible for his acts/omissions.

57.     Plaintiffs, DAVID AND CHARYL EUWEMA, have satisfied all conditions precedent prior to the filing of this lawsuit, including, but not limited to, any notice requirements under Section 768.28, Florida Statutes, and any pre-suit and/or notice requirements under Chapters 766, Florida Statutes.

58.     At all times relevant hereto, Defendant, OSCEOLA COUNTY, by and through Defendant, OSCEOLA COUNTY FIRE & RESCUE, owed a duty to Plaintiffs, DAVID AND CHARYL EUWEMA, to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

59.     On or about July 28, 2016, Defendant, OSCEOLA COUNTY, by and through Defendant, OSCEOLA COUNTY FIRE RESCUE & EMS, was called, and was dispatched to assist, Plaintiffs, DAVID AND CHARYL EUWEMA, with a fire that had begun at their residence located at 990 Shore Dr. Kissimmee, FL, 34774.

60.     At said place and time, upon evaluation and/or examination, Defendant, OSCEOLA COUNTY, by and through Defendant, OSCEOLA COUNTY FIRE & RESCUE, breached its duty to Plaintiffs, DAVID AND CHARYL EUWEMA, in their actions/inactions described throughout this complaint (i.e. paragraphs 21–48), and, overall, based on the standard operating procedures, equipment, machinery, vehicles, other firefighters, etc. involved, it failed to adhere to reasonable standards and duties of care.

61.     As an actual, direct, proximate and foreseeable result of said negligent breach of duty on the part of Defendant, OSCEOLA COUNTY, by and through Defendant, OSCEOLA COUNTY FIRE & RESCUE, Plaintiffs, DAVID AND CHARYL EUWEMA, suffered complete loss of their home, all of their personal property, and their animals which were inside of the burning home.

62.     As a further direct, proximate and foreseeable result of said negligent breach(es) of duty on the part of Defendant, OSCEOLA COUNTY, by and through Defendant, OSCEOLA COUNTY FIRE & RESCUE, Plaintiffs, DAVID AND CHARYL EUWEMA, suffered personal injuries, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for the enjoyment of life, amongst other things. This loss is continuing, and they will continue to suffer from the loss into the future.

63.     **WHEREFORE,** Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE & RESCUE, for actual damages, consequential damages, compensatory damages, attorneys' fees, all relief pursuant to Florida Law, court costs, and such further relief as this Court deems just and proper.

**COUNT 2 -  GROSS NEGLIGENCE AGAINST OSCEOLA COUNTY AND OSCEOLA COUNTY FIRE & RESCUE**

64.     This is an action for gross negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

65.     Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth fully herein.

66.     Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by OSCEOLA COUNTY FIRE RESCUE & EMS/OSCEOLA COUNTY; a private person would be liable to PLAINTIFFS for their gross negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

67.     Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, owed a duty to the Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

68.     At all times relevant to this action, the defendant SCOTT KILMER was employed by defendant OSCEOLA COUNTY FIRE RESCUE & EMS and was acting within the scope and course of his employment. Therefore, defendant OSCEOLA COUNTY FIRE RESCUE & EMS acted through its employee, defendant SCOTT KILMER at all times relevant to this action.

69.     Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, breached their duty and created an unreasonable risk of harm to the Plaintiffs as described throughout this complaint (i.e. paragraphs 21–48) and it failed to address the fire despite requirements for certain operational protocols beyond the scope of discretion, the

requirement and duty to neutralize the fire and conserve property; also based on the size of the fire, the standard operating procedures, available equipment, and other firefighters, amongst other things, it failed to adhere to reasonable standards and duties of care.

70.     Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, failed to adhere to its operational requirements to neutralize the hazardous condition (readily apparent to even the Plaintiffs) and consciously disregarding the standard operating procedure used when attacking a house fire. Their acts/omissions in intentionally allowing Plaintiffs' house to be burned as a vendetta or to "teach a lesson" constitutes gross negligence and recklessness.

71.     Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, knew that this intentional misconduct would have likely resulted in injury to the Plaintiffs, loss of the Plaintiff's animals, and loss of the Plaintiff's property.

72.     As a direct and proximate result of the foregoing gross negligence and breach of the duties of care, the Plaintiffs, DAVID AND CHARYL EUWEMA, suffered severe property loss, the loss of their animals in the fire, and other injuries.

73.     Defendants acts are the direct and proximate cause of the Plaintiffs', DAVID AND CHARYL EUWEMA, mental anguish (including post-traumatic stress disorder), personal injuries, economic damages (including lost wages and lost earning capacity), and loss of capacity for the enjoyment of life. This loss is continuing and they will continue to suffer from these losses in the future.

74.     **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, demand judgment for intentional infliction of emotional distress, mental anguish, actual damages,

compensatory damages, court costs and fees, and any other damages permitted by law against

Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE & RESCUE.

## COUNT 3 – NEGLIGENT HIRING OF EMPLOYEE AGAINST OSCEOLA COUNTY AND OSCEOLA COUNTY FIRE & RESCUE

75.     This is an action for negligent hiring of KILMER by OSCEOLA COUNTY and

OSCEOLA COUNTY FIRE RESCUE & EMS.

76.     Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above,

inclusive, as if set forth more fully here-in.

77.     Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver*

*of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state

actors for personal injury and loss of property for negligent and wrongful acts and omissions

by OSCEOLA COUNTY FIRE RESCUE & EMS/OSCEOLA; a private person would be

liable to PLAINTIFFS for negligence in hiring practices.

78.     At the time of the fire and destruction of the Plaintiff's home, Defendant, SCOTT

KILMER, was acting in accordance with the duties bestowed upon and/or at the direction and

behalf of Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE &

EMS, who assumed and exercised control over the means, methods, details, and performance

of all employees, their actions, and conduct as they perform their duties.

79.     OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS

previously terminated the employment of Defendant, SCOTT KILMER, earlier in his career

for an incident involving gross negligence and/or misconduct for events in which KILMER

electrocuted a firefighter, drove a fire truck negligently, and two additional

violations/incidents.

80.     Defendants OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS hence knew of Defendant's, SCOTT KILMER, employment termination and grounds for it prior to subsequently rehiring him.

81.     Hence, OSCEOLA COUNTY knew that KILMER was incompetent and unfit to perform duties of firefighting and leading in fire-incident scenarios for which he was employed.

82.     Defendants OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS knew that Defendant, SCOTT KILMER, would create an undue risk and a danger to others due to his employment, as that was the very ground upon which his employment was previously terminated.

83.     Defendants OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS had a duty of reasonable care in their hiring operations and procedures to prevent undue and unreasonable risk, harm, and dangers to those who may come into contact with KILMER, such as the PLAINTIFFS.

84.     In light of what Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, knew, the decision to hire Defendant, SCOTT KILMER, a second time was unreasonable and constitutes a breach of duty on the part of Defendants.

85.     Despite advanced knowledge, OSCEOLA COUNTY hired KILMER a second time in conscious disregard of the rights and safety of the public.

86.     A sufficient nexus exists between Plaintiffs, DAVID and CHARYL EUWEMA, and Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, to justify responsibility for bringing Defendant, SCOTT KILMER, into contact with Plaintiffs because he was permitted to act as a firefighter and as a chief officer of the department.

87.     Defendants', OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, unreasonable decision to rehire Defendant, SCOTT KILMER, in light of what was known about his previous terminable offenses, was the causation in fact of the grossly negligent acts and conduct of SCOTT KILMER, which were the direct and proximate cause of the property loss and other damages sustained by the Plaintiffs, DAVID and CHARYL EUWEMA.

88.     As a direct and proximate result of the foregoing negligent hiring of KILMER, Plaintiffs, DAVID and CHARYL EUWEMA, suffered severe property loss, loss of their animals, personal injury, economic damages (including lost wages and lost earning capacity), mental anguish (including post-traumatic stress disorder), and loss of capacity for enjoyment of life, amongst other things. These losses continue and will continue into the future.

89.     **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, mental anguish (including post-traumatic stress disorder), and any other damages permitted by law including attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper.

## COUNT 4 - NEGLIGENT RETENTION OF EMPLOYEE AGAINST OSCEOLA COUNTY AND OSCEOLA COUNTY FIRE & RESCUE

90.     This is an action for negligent retention of KILMER by OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS.

91.     Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if fully set forth herein.

92.     At the time of the fire and destruction of the Plaintiff's home, Defendant, SCOTT KILMER, was acting upon the employment duties bestowed on him and/ or at the direction and behalf of Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, who assumed and exercised control over the means, methods, details, and performance of all employees, their actions, and conduct as they perform their duties.

93.     Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by OSCEOLA COUNTY FIRE RESCUE & EMS/OSCEOLA COUNTY; a private person would be liable to PLAINTIFFS for their negligent actions in retention of certain employees.

94.     Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, owed PLAINTIFFS a duty of reasonable care to avoid undue and unreasonable risks, harm, and danger in their retention of known dangerous employees. Moreover, they had a duty to reasonably investigate, reassign, or discharge KILMER when they became aware of the undue unreasonable risks that KILMER posed to others, such as PLAINTIFFS, in performing his job functions.

95.     During the course of employing KILMER, there was awareness or constructive notice on the part of OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS of the undue and unreasonable risks and dangers to others, such as PLAINTIFFS, created by his continued employment and capacity as a Battalion Chief firefighter (and as a firefighter generally). This is evidenced by the fact that OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS previously employed KILMER and terminated him prior to his most recent employment for causing unreasonable risks, harms, and dangers to others (including

misconduct/gross negligence by KILMER upon which he caused the electrocution of another firefighter, drove a fire truck negligently, and two additional violations/incidents).

96.     KILMER's unreasonable acts and misconduct are directly related to his duties and functions as a Battalion Chief and firefighter. His unreasonable acts and misconduct specifically related to his previous employment include but are not limited to those described above in paragraphs 79–81.

97.     OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS breached their aforementioned duty because they retained KILMER in the same capacity and employment under which the entities were fully aware that he caused undue risks, harms, and dangers to others. Their duty was also breached by failing to investigate or at the very least reassign KILMER to a different position unrelated to the unreasonable risk of harm that he created.

98.     Defendants', OSCEOLA COUNTY's and OSCEOLA COUNTY FIRE RESCUE & EMS, unreasonable retention of KILMER and failure to investigate, reassign, or discharge KILMER, was the causation in fact of the negligent acts and conduct committed by SCOTT KILMER against PLAINTIFFS because he was unreasonably unfit to service in his intended capacity, as demonstrated in paragraphs 21–48 (including other portions of this complaint).

99.     The same was the direct and proximate cause of the various losses and damages sustained by the Plaintiffs, DAVID and CHARYL EUWEMA.

100.    As a direct and proximate result of the foregoing negligence, Plaintiffs, DAVID and CHARYL EUWEMA, suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost

wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing, and they will continue to suffer from the loss into the future.

101.    **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE RESCUE & EMS, for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper.

## COUNT 5 – NEGLIGENCE AGAINST CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE

102.    This is an action for negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

103.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, inclusive, as if fully set forth herein.

104.    This is an action for negligence related to the incident resulting in the complete and total loss of Plaintiffs' structure, personal property, family pets, a service dog of the family, and nearby items, amongst other things.

105.    At all times and places described herein, the actions and/or inactions of Defendant, CITY OF ST. CLOUD FIRE & RESCUE, were undertaken, and/or not undertaken, by individuals who were the employees and/or agents of Defendant, CITY OF ST. CLOUD, all of whom were, at the time, acting within the course and scope of their employment and or agency; as a result, Defendant, CITY OF ST. CLOUD is directly liable, or vicariously liable, for said actions and/or inactions.

106.     Plaintiffs have satisfied all conditions precedent prior to the filing of this lawsuit, including, but not limited to, any notice requirements under Section 768.28, Florida Statutes, and any pre-suit and/or notice requirements under Chapters 766, Florida Statutes.

107.     Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by CITY OF ST. CLOUD FIRE & RESCUE/CITY OF ST. CLOUD; a private person would be liable to PLAINTIFFS for their negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

108.     At all times relevant hereto, Defendant CITY OF ST. CLOUD, by and through Defendant, CITY OF ST. CLOUD FIRE & RESCUE, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, they had a duty of reasonable care to provide emergency and/or rescue-related assistance.

109.     On or about July 28, 2016, Defendant, CITY OF ST. CLOUD, by and through Defendant, CITY OF ST. CLOUD FIRE & RESCUE, was called, and was dispatched to assist, Plaintiffs with a fire that had begun at their residence located at 990 Shore Dr. Kissimmee, FL, 34774.

110.   CITY OF ST. CLOUD, by and through Defendant, CITY OF ST. CLOUD FIRE & RESCUE accepted the call for assistance and rescue of Plaintiffs and their home.

111.   At said place and time, upon evaluation and/or examination, Defendant, CITY OF ST. CLOUD, by and through Defendant, CITY OF ST. CLOUD FIRE & RESCUE, breached its duty to Plaintiffs in their actions/inactions described throughout this complaint (i.e. 21–48) and when based on the standard operating procedures, available equipment and other firefighters, it failed to adhere to reasonable standards and duties of care—for example, it failed to abide by standard operating procedures to protect property and provide assistance to mediate the risks associated with the incident.

112.   As a direct, proximate and foreseeable result of said negligent breach of duty on the part of Defendant, CITY OF ST. CLOUD, by and through Defendant, CITY OF ST. CLOUD FIRE & RESCUE, Plaintiffs suffered complete loss of their home, all of their personal property, and their animals which were inside of the burning home.

113.   As a further direct, proximate and foreseeable result of said negligent breach(es) of duty on the part of Defendant, CITY OF ST. CLOUD, by and through Defendant, CITY OF ST. CLOUD FIRE & RESCUE, Plaintiffs suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

114.   **WHEREFORE,** Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, CITY OF ST. CLOUD and CITY OF ST. CLOUD FIRE & RESCUE, for actual damages, consequential damages, compensatory

damages, fees, and court costs pursuant to Florida law and such further relief as this Court deems just and proper.

## COUNT 6 -  GROSS NEGLIGENCE CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE

115.    This is an action for gross negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

116.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if fully set forth herein.

117.    Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by CITY OF ST. CLOUD FIRE & RESCUE/CITY OF ST. CLOUD; a private person would be liable to PLAINTIFFS for their gross negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

118.    Defendants, CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, they had a duty of reasonable care to provide emergency and/or rescue-related assistance.

24

119.    Defendants, CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE, breached their duty and created and unreasonable risk of harm to the Plaintiffs when it failed to address the fire as described in this complaint (i.e. 21–48), despite knowing the proper protocol and knowing precisely what actions could have been done to neutralize the fire and mitigate/avoid the damages done to Plaintiffs.

120.    It failed to use standard operating procedures, available equipment, and other firefighters, amongst other things; it failed to adhere to reasonable standards and duties of care. The conduct was conducted recklessly and wantonly with an indifference to the safety and rights of PLAINTIFS.    The actions were nearing that of intentionality against the PLAINTIFFS, as was the theme set by OSCEOLA COUNTY/KILMER.

121.    Defendants, CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE, knew that their intentional misconduct would result in injury to the Plaintiffs, loss of the Plaintiffs' animals, and loss of the Plaintiffs' property.

122.    Defendants, CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE, failed to properly neutralize the hazardous condition (readily apparent to even the Plaintiffs) and consciously disregarded the standard operating procedure used when attacking a house fire and supporting sister-fire departments in rescue efforts.

123.    As a direct and proximate result of the foregoing gross negligence and breach of the duties of care, the Plaintiffs, DAVID AND CHARYL EUWEMA, suffered severe property loss, the loss of their animals in the fire, and other injuries.

124.    Defendants, CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE, are the direct and proximate cause of the Plaintiff's, DAVID AND CHARYL EUWEMA, suffering severe property loss, personal injury, loss of their animals, mental

anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing, and they will continue to suffer from the loss into the future.

125.   **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, demand judgment for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper against Defendants, CITY OF ST. CLOUD AND CITY OF ST. CLOUD FIRE & RESCUE and demands trial by jury.

### COUNT 7 – NEGLIGENCE AGAINST CITY OF KISSIMMEE AND CITY OF KISSIMMEE FIRE DEPARTMENT

126.   This is an action for negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

127.   Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if fully set forth herein.

128.   This is an action for negligence related to the incident resulting in the complete and total loss of Plaintiffs' structure, personal property, family pets, a service dog of the family, and nearby items, amongst other things.

129.   At all times and places described herein, the actions and/or inactions of Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, were undertaken, and/or not undertaken, by individuals who were the employees and/or agents of Defendant, CITY OF KISSIMMEE, all of whom were, at the time, acting within the course and scope of their employment and or agency; as a result, Defendant, CITY OF KISSIMMEE is directly liable, or vicariously liable, for said actions and/or inactions.

130.    Plaintiffs, have satisfied all conditions precedent prior to the filing of this lawsuit, including, but not limited to, any notice requirements under Section 768.28, Florida Statutes, and any pre-suit and/or notice requirements under Chapters 766, Florida Statutes.

131.    Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by CITY OF KISSIMMEE FIRE DEPARTMENT/KISSIMMEE; a private person would be liable to PLAINTIFFS for their negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

132.    At all times relevant hereto, Defendant, CITY OF KISSIMMEE, by and through Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, they had a duty of reasonable care to provide emergency and/or rescue-related assistance.

133.    On or about July 28, 2016, Defendant, CITY OF KISSIMMEE, by and through Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, was called, and was dispatched to assist Plaintiffs with a fire that had begun at their residence located at 990 Shore Dr. Kissimmee, FL, 34774.

134.    CITY OF KISSIMEE, by and through Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT accepted the call for assistance and rescue of Plaintiffs and their home.

135.    At said place and time, upon evaluation and/or examination, Defendant, CITY OF KISSIMMEE, by and through Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, breached its duty to Plaintiffs in their actions/inactions described throughout this complaint (i.e. 21–48) and when based on the standard operating procedures, available equipment and other firefighters, it failed to adhere to reasonable standards and duties of care—for example, it failed to abide by standard operating procedures to protect property and provide assistance to mediate the risks associated with the incident.

136.    As a direct, proximate and foreseeable result of said negligent breach of duty on the part of Defendant, CITY OF KISSIMMEE, by and through Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, Plaintiffs suffered complete loss of their home, all of their personal property, and their animals which were inside of the burning home.

137.    As a further direct, proximate and foreseeable result of said negligent breach(es) of duty on the part of Defendant, CITY OF KISSIMMEE, by and through Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, Plaintiffs suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

138.    **WHEREFORE,** Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, for actual damages, consequential damages,

compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper.

## COUNT 8 - GROSS NEGLIGENCE AGAINST CITY OF KISSIMMEE AND CITY OF KISSIMMEE FIRE DEPARTMENT

139.    This is an action for gross negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

140.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if fully set forth herein.

141.    Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by CITY OF KISSIMMEE FIRE DEPARTMENT/KISSIMMEE; a private person would be liable to PLAINTIFFS for their gross negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

142.    Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, they had a duty of reasonable care to provide emergency and/or rescue-related assistance.

143.    Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, breached their duty and created and unreasonable risk of harm to the Plaintiffs when it failed to address the fire as described in this complaint, despite knowing the proper operations and protocol and knowing precisely what actions could have been done to neutralize the fire and mitigate/avoid the damages done to Plaintiffs.

144.    Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, should have known that this intentional misconduct would have likely resulted in injury to the Plaintiffs, loss of the Plaintiff's animals, and loss of the Plaintiff's property. Because Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, failed to properly neutralize the hazardous condition, readily apparent to even the Plaintiffs, and by consciously disregarding the standard operating procedure used when attacking a house fire, Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, breached their duty to the plaintiffs.

145.    It failed to use standard operating procedures, available equipment, and other firefighters, amongst other things; it failed to adhere to reasonable standards and duties of care. The conduct was conducted recklessly and wantonly with an indifference to the safety and rights of PLAINTIFS.   The actions were nearing that of intentionality against the PLAINTIFFS, as was the theme set by OSCEOLA COUNTY/KILMER.

146.    They knew that their intentional misconduct would result in injury to the Plaintiffs, loss of the Plaintiff's animals, and loss of the Plaintiff's property.

147.    Defendants failed to properly neutralize the hazardous condition (readily apparent to even the Plaintiffs) and consciously disregarded the standard operating procedures used when attacking a house fire and supporting sister-fire departments.

148.    As a direct and proximate result of the foregoing gross negligence and breach of the duties of care, the Plaintiffs, DAVID AND CHARYL EUWEMA, suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

149.    Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, are the direct and proximate cause of the Plaintiffs', DAVID AND CHARYL EUWEMA, mental anguish and loss of capacity for the enjoyment of life.

150.    **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, demand judgment for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper against Defendants, CITY OF KISSIMMEE and CITY OF KISSIMMEE FIRE DEPARTMENT, and demands trial by jury.

## COUNT 9 – NEGLIGENCE AGAINST ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE

151.    This is an action for negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

152.    Plaintiffs re-assert and incorporate by reference paragraphs 1 through 50 as if fully set forth herein.

153.    This is an action for negligence related to the incident resulting in the complete and total loss of Plaintiffs' structure, personal property, family pets, a service dog of the family, and nearby items.

154.    At all times and places described herein, the actions and/or inactions of Defendant, ORANGE COUNTY FIRE RESCUE, were undertaken, and/or not undertaken, by individuals who were the employees and/or agents of Defendant, ORANGE COUNTY, all of whom were, at the time, acting within the course and scope of their employment and or agency; as a result, Defendant, ORANGE COUNTY is directly liable, or vicariously liable, for said actions and/or inactions, which is beyond any general determination on how to fight a fire.

155.    Plaintiffs, DAVID and CHARYL EUWEMA, have satisfied all conditions precedent prior to the filing of this lawsuit, including, but not limited to, any notice requirements under Section 768.28, Florida Statutes.

156.    Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by ORANGE COUNTY FIRE RESCUE/ORANGE COUNTY; a private person would be liable to PLAINTIFFS for their negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another.

157.    At all times relevant hereto, Defendant ORANGE COUNTY, by and through Defendant, ORANGE COUNTY FIRE RESCUE, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles

to avoid damage to another. Moreover, they had a duty of reasonable care to provide emergency and/or rescue-related assistance.

158.    On or about July 28, 2016, Defendant, ORANGE COUNTY, by and through Defendant, ORANGE COUNTY FIRE RESCUE, was called, and was dispatched to assist, Plaintiffs with a fire that had begun at their residence located at 990 Shore Dr. Kissimmee, FL, 34774.

159.    ORANGE COUNTY, by and through Defendant, ORANGE COUNTY FIRE RESCUE accepted the call for assistance and rescue of Plaintiffs and their home.

160.    At said place and time, Defendant, ORANGE COUNTY, by and through Defendant, ORANGE COUNTY FIRE RESCUE, breached its duty to Plaintiffs in their actions/inactions described throughout this complaint (i.e. 21–48) and when based on the standard operating procedures, available equipment and other firefighters, it failed to adhere to reasonable standards and duties of care—for example, it failed to abide by standard operating procedures to protect property and provide assistance to mediate the risks associated with the incident.

161.    As a direct, proximate, and foreseeable result of said breach of duty on the part of Defendant, ORANGE COUNTY, by and through Defendant, ORANGE COUNTY FIRE RESCUE, Plaintiffs suffered complete loss of their home, personal property, family pets, including a service dog of the family, which were inside of the burning home.

162.    As a further direct, proximate, and foreseeable result of said negligent breach(es) of duty on the part of Defendant, ORANGE COUNTY, by and through Defendant, ORANGE COUNTY FIRE AND RESCUE, Plaintiffs, DAVID AND CHARYL EUWEMA, suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-

33

traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

163.    **WHEREFORE**, Plaintiffs respectfully request a judgment in their favor and against Defendants, ORANGE COUNTY and ORANGE COUNTY FIRE RESCUE, for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper.

## COUNT 10 - GROSS NEGLIGENCE ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE

164.    This is an action for negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

165.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth fully here-in.

166.    Sovereign immunity has been waived by virtue of Florida Statute § 768.28, *Waiver of Sovereign Immunity in Tort Actions* as this count involves the tort of negligence by state actors for personal injury and loss of property for negligent and wrongful acts and omissions by ORANGE COUNTY FIRE RESCUE/ORANGE COUNTY; a private person would be liable to PLAINTIFFS for their gross negligence/wrongful acts including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another

167.    Defendants, ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property

34

conservation at the prevailing standard of care of reasonable persons/professionals, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, they had a duty of reasonable care to provide emergency and/or rescue-related assistance.

168.    Defendants, ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE, breached their duty and created and unreasonable risk of harm to the Plaintiffs when it failed to address the fire as described in this complaint (i.e. 21–48), despite knowing the proper protocol and knowing precisely what actions could have been done to neutralize the fire and mitigate/avoid the damages done to Plaintiffs.

169.    It failed to use standard operating procedures, available equipment, and other firefighters, amongst other things; it failed to adhere to reasonable standards and duties of care. The conduct was conducted recklessly and wantonly with an indifference to the safety and rights of PLAINTIFS.   The actions were nearing that of intentionality against the PLAINTIFFS, as was the theme set by OSCEOLA COUNTY/KILMER.

170.    Defendants, ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE, knew that their intentional misconduct would result in injury to the Plaintiffs, loss of the Plaintiffs' animals, and loss of the Plaintiffs' property.

171.    Additionally, Defendants, ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE failed to properly neutralize the hazardous condition (readily apparent to even the Plaintiffs) and consciously disregarded the standard operating procedure used when attacking a house fire and supporting sister-fire departments.

172.    As a direct and proximate result of the foregoing gross negligence and breach of the duties of care, the Plaintiffs, DAVID AND CHARYL EUWEMA, suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

173.    Defendants, ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE, are the direct and proximate cause of the Plaintiff's, DAVID AND CHARYL EUWEMA, mental anguish and loss of capacity for the enjoyment of life.

174.    **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, demand judgment for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper against Defendants, ORANGE COUNTY AND ORANGE COUNTY FIRE AND RESCUE, and demands trial by jury.

## <u>COUNT 11 – NEGLIGENCE AGAINST SCOTT KILMER</u>

175.    This is an action for negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

176.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if fully set forth herein.

177.    At all times and places described herein, the actions and/or inactions of Defendant, SCOTT KILMER, were undertaken, and/or not undertaken, as an employee and/or agent of Defendant, OSCEOLA COUNTY FIRE & RESCUE, all of whom were, at the time, acting within the course and scope of their employment and or agency.

178.    At all times relevant hereto, Defendant, SCOTT KILMER, owed a duty to Plaintiffs, DAVID AND CHARYL EUWEMA, to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable persons, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, he had a duty of reasonable care to provide emergency and/or rescue-related assistance.

179.    On or about July 28, 2016, Defendant, SCOTT KILMER, was dispatched to assist, Plaintiffs, DAVID AND CHARYL EUWEMA, with a fire that had begun at their residence located at 990 Shore Dr. Kissimmee, FL, 34774.

180.    At said place and time, upon evaluation and/or examination, Defendant, SCOTT KILMER, breached his duty as the incident commander to Plaintiffs, DAVID AND CHARYL EUWEMA, when based on the standard operating procedures, available equipment and other firefighters, he failed to establish a command post, failed to establish a sufficient water source, failed to properly lead and supervise other firefighters, failed to properly set up rehab, assigned a civilian doctor to rehab, actions/inactions described in paragraphs 21–48, 181–183 , 205, etc.

181.    Moreover, KILMER's actions displayed bad faith, wanton, reckless, gross negligence, and intentional conduct against Plaintiffs when he made the comment "LET IT BURN" and addressed the Plaintiffs as "hoarders", instructed firefighters not put out the fire, sent firefighters on "break" when the fire needed attention, and failed to adequately protect the real and personal property of the Plaintiffs.

182.    Additionally, by the same token, KILMER acted with deliberate indifference for the safety and property of the Plaintiffs.

37

183.    In fact, it is apparent that KILMER discriminated against the Plaintiffs for their mental/emotional disabilities and/or Plaintiffs background and history.

184.    As a direct, proximate and foreseeable result of said breach of duty on the part of Defendant, SCOTT KILMER, Plaintiffs suffered complete loss of their home, all of their personal property, and their animals which were inside of the burning home.

185.    As a further direct, proximate and foreseeable result of said breach(es) of duty on the part of Defendant, SCOTT KILMER, Plaintiffs, DAVID AND CHARYL EUWEMA, suffered severe property loss, personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

186.    **WHEREFORE,** Plaintiffs, DAVID and CHARYL EUWEMA, demand actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper.

### <u>COUNT 12 - GROSS NEGLIGENCE AGAINST SCOTT KILMER</u>

187.    This is an action for gross negligence for damages for a sum within the jurisdictional limits of this court, to wit: in excess of $15,000.00, exclusive of costs and interest.

188.    Plaintiffs re-assert and re-allege the contents of paragraphs 1–50, 177 above, as if fully set forth herein.

189.    Defendant, SCOTT KILMER, owed a duty to Plaintiffs to provide a basic level of safety, control, and/or property conservation at the prevailing standard of care of reasonable

persons, including but not limited to the prevention/mitigation of destruction/damage to the property of another, taking due care to not cause damage to the property of another, and the reasonable and safe use and maneuvering of machinery/vehicles to avoid damage to another. Moreover, he had a duty of reasonable care to provide emergency and/or rescue-related assistance.

190.    Defendant, SCOTT KILMER, breached his duty and recklessly and/or intentionally created an unreasonable risk of harm to the Plaintiffs and their property when he failed to address the fire as described in this complaint (including but not limited to the conduct described in paragraphs 21–48, 180–183), despite knowing the proper protocol and precisely knowing how to appropriately neutralize the fire at the incident scene; instead, he choose to "LET IT BURN" as a personal vendetta against the Plaintiffs as a discriminatory act and/or an act of such deliberate indifference to the lives and rights of Plaintiffs.

191.    KILMER's conduct was so reckless and wanting in care that it constitutes a conscious disregard or indifference to the life, safety, and rights of Plaintiffs.

192.    Defendant, SCOTT KILMER, knew that his gross misconduct would result in injury to the Plaintiffs, loss of the Plaintiffs' animals (including their service animal), and loss of the Plaintiffs' property. As Defendant, SCOTT KILMER, failed to follow standard operational procedures to neutralize the hazardous condition (readily apparent to even the Plaintiffs) and instead consciously disregarded the standard operating procedure and discriminated against Plaintiffs as a personal vendetta. As such, Defendant, SCOTT KILMER, breached his duties of care.

193.    As a direct and proximate result of the foregoing gross negligence and breach of the duties of care, the Plaintiffs, DAVID AND CHARYL EUWEMA, suffered property loss,

personal injury, loss of their animals, mental anguish (including post-traumatic stress disorder), economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life, amongst other things. This loss is continuing and they will continue to suffer from the loss into the future.

194.    Defendant, SCOTT KILMER, is the direct and proximate cause of the Plaintiffs', DAVID AND CHARYL EUWEMA, damages, injuries, emotional distress, mental anguish economic damages, and loss of capacity for the enjoyment of life.

195.    **WHEREFORE**, the Plaintiffs, DAVID and CHARYL EUWEMA, demand judgment f r actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees pursuant to Florida law, court costs, fees, and such further relief as this Court deems just and proper.

## II)    <u>VIOLATIONS OF FEDERAL LAW BY DEFENDANTS</u>

## COUNT 13 - CLAIM AGAINST DEFENDANTS FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT ("ADA"),

196.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth fully herein.

197.    This is an action for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12132 against all DEFENDANTS for their joint conduct and for damages for a sum within the jurisdictional limits of this court, related to the incident resulting in the complete and total loss of Plaintiffs' structure, personal property, real property, family pets, a service dog of the family, nearby items/structures, emotional distress, and mental anguish. The discriminatory acts by the DEFENDANTS were conducted jointly and severally, resulting in PLAINTIFFS' complete losses.

198.    DEFENDANTS have waived sovereign immunity for situations where state actors, such as DEFENDANTS, cause damages to persons for unequal treatment, discrimination, and the like pursuant to Florida Statute § 768.28(18) and applicable Federal law.

199.    Defendants are public entities/officers as defined by the ADA in that they are instrumentalities of state or local government.

200.    Firefighting functions by fire departments are a benefit of service/program by the defendant-public entities.

201.    Plaintiffs are qualified individuals with a right to receive the benefits of the firefighting functions by the defendants.

202.    Plaintiffs assert that they are qualified individuals with various disabilities, including but not limited to tremor disorders, heart disease, severe debilitating orthopedic disability, and disorders commonly associated with the perceived need to save items and the distress linked to parting with them (what DEFENDANTS have characterized as "hoarding"). These impairments substantially limit Plaintiffs' major life activities including movement.

203.    At all times and places described herein, the actions and/or inactions of DEFENDANTS, were undertaken, and/or not undertaken, by individuals, who were the employees and/or agents of the respective DEFENDANTS, each of whom were, at the time, acting within the course and scope of their respective employments and or agencies; as a result, DEFENDANTS are directly liable, or vicariously liable, for said actions and/or inactions.

204.    DEFENDANTS failed to maintain policies and procedures to ensure compliance with Title II of the ADA, when they excluded the Plaintiffs from the DEFENDANTS' respective services for fire and safety prevention, neutralization, and protection.

205.    DEFENDANTS have violated the ADA by certain joint exclusionary and discriminatory conduct including, but are not limited to:

a.  Withholding water supplies and failing to put forth efforts to establish water supplies;

b.  Deliberately preventing the preservation of PLAINTIFFS' home and personal property;

c.   Stating that the respective DEFENDANTS should "LET IT BURN" (amongst other similar derogatory and discriminatory comments as described in paragraph 30);

d.  Deliberately preventing a service animal from escaping the home and/or failing to conduct any rescue procedures for the PLAINTIFFS' service animal;

e.  Deliberately failing to establish standard operations command posts;

f.  Deliberating causing issues surrounding leadership duties and supervision of firefighters as a tactic to prevent the preservation of PLAINTIFFS' property;

g.  Failing to be available on standard fire-department radio systems and failing to make himself available throughout the incident, which caused excess chaos;

h.  Failure to protect the rights and property of PLAINTIFFS' or others like PLAINTIFFS suffering from certain disabilities (such as "hoarding");

i.  Failing to assign appropriate medical professionals and rehabilitation point for the incident; etc.

206.    At said time and place, upon evaluation and/or examination, DEFENDANTS denied Plaintiffs the full and equal benefit of services, programs or activities (due to one or

more of PLAINTIFFS' disabilities) when their home which was described as a "hoarding house", was allowed to burn down to the ground because they were "hoarders".

207.    It appears that the DEFENDANTS intended to teach some type of "lesson" to the PLAINTIFFS of the "downside" to living with certain disabilities. Alternatively, Defendants have acted with a deliberate indifference to the unequal treatment of Plaintiffs for the same reasons.

208.    DEFENDANTS deliberately abused protocol and standard operating procedures to deprive Plaintiffs of life safety, fire control, and property conservation.

209.    DEFENDANTS acted deliberately and intentionally in order to deprive the Plaintiffs of these services based on their disabilities, hatred, and animus, all in violation of the ADA.

210.    As a proximate result, Plaintiffs have sustained actual damages and physical injuries, have suffered mental anguish (including post-traumatic stress disorder also known as PTSD), lost wages, lost capacity for earning, and endured loss of capacity for the enjoyment of life. Furthermore, Plaintiffs, suffered complete loss of their home, all of their personal property, and their animals, one of which was a service animal, which were inside of the burning home. They lost all of their irreplaceable items of sentimental value. The loss is continuing, and they will continue to suffer from this loss into the future.

211.    WHEREFORE, Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants , for actual damages, consequential damages, compensatory damages, intentional infliction of emotional distress, attorneys' fees, court costs, any other relief under Florida and Federal Law, and such further relief as this Court deems just and proper.

## COUNT 14 - CLAIM AGAINST OSCEOLA COUNTY COGNIZABLE UNDER 42 U.S.C. § 1983

212.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth more fully herein.

213.    Defendant-entities are subdivisions of the State of Florida, organized and existing under the laws of the State of Florida.

214.    Defendant KILMER was, at all times relevant to PLAINTIFFS' claims, acting as an officer of OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE & EMS ("OSCEOLA") as Battalion Chief.

215.    OSCEOLA is liable for the actions of KILMER under the theory of respondeat superior; KILMER's actions represent the execution of the county-entity's policies/custom which violate persons' federally protected rights under § 1983 for reasons including but not limited to the following:

   a.   His discriminatory and unequal actions demonstrate the entity's acceptance and use of employees/agents likely to fight fires discriminately rather than placing public safety at the forefront of their responsibilities.

   b.   The entity's re-employment of KILMER and retention of KILMER despite knowing of his previous misconduct demonstrate policy/custom of employing individuals likely to fight fires in a discriminate manner and as personal vendettas against public persons.

216.    OSCEOLA has waived sovereign immunity for situations where state actors, such as OSCEOLA, cause damages to persons for unequal treatment, discrimination, and the like pursuant to Florida Statute § 768.28(18) and applicable Federal law.

217.    On July 28, 2016, OSCEOLA and their agents acted under color of law and/or in the course and scope of their duties as a fire department/firefighters.

218.    OSCEOLA caused the Plaintiffs to completely lose their home, all of their personal property, including their animals, one of which was a service animal, that perished inside the burning home. They also lost all of their irreplaceable items of sentimental value.

219.    OSCEOLA violated established laws by infringing upon the Plaintiffs' rights under the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C. 1983 when the Plaintiffs were treated differently than similarly situated married homeowners in alike situations during a fire-incident for the following reasons.

220.    The Plaintiffs, DAVID AND CHARYL EUWEMA, had a large home situated on .7 acres of land and had pets, one of which was a service animal. Additionally, when the fire began, it was contained to the front porch without much movement.

221.    There exist instances of other similarly situated families who were not treated with the same disdain and lack of care and/or violations of law as PLAINTIFFS. For example, in a similar situation where other married homeowners also had a .7 acre plot of land, a dog, a house fire that began in the front of the home, and flames that were coming through the roof when the firefighters arrived, Defendants managed to save the home and a majority of the family's items even though there was a fatality.

222.    Unfortunately, in this instance, OSCEOLA deliberately allowed the Plaintiffs' home to burn down rather than placing any efforts towards neutralizing the fire or protecting Plaintiffs' property and despite clear opportunities to save Plaintiffs' home due to animus, discrimination, and/or unequal treatment.

223.    OSCEOLA provided PLAINTIFFS with unequal treatment by failing to utilize water or other reasonable methods available to put out the fire even though it was available. OSCEOLA treated PLAINTIFFS unequally (likely for reasons described in the count above or other reasons) and essentially decided not to fight the fire at the home.

224.    Additionally, OSCEOLA failed to establish a command post, failed to establish a sufficient water source, failed to properly lead and supervise other firefighters, failed to properly set up rehab, assigned a civilian doctor to rehab, and committed other egregious acts.

225.    These actions caused the violation and deprivation of the Plaintiffs' rights pursuant to the Equal Protection Clause of the 14th Amendment of the United States Constitution.

226.    There is no rational basis for the difference in treatment from other similarly situated person (as described in paragraphs 219–22 above) that the Plaintiffs DAVID and CHARYL EUWEMA received as a class of one.

227.    The Plaintiffs loss of literally everything in their lives resulted from the actions and/or inactions by OSCEOLA's customs, policies, and guidelines allowing firefighters to conduct (or not conduct) their responsibilities based on motives of inequality.

228.    The actions and inactions of Defendant OSCEOLA COUNTY resulted in loss to Plaintiffs where they suffered personal injury, emotional distress, mental anguish (including post-traumatic stress syndrome, economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life. The loss is continuing, and they will continue to suffer from this loss into the future.

229.    WHEREFORE, Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, OSCEOLA COUNTY and OSCEOLA COUNTY FIRE & RESCUE EMS, for actual damages, consequential damages, compensatory

damages, any relief provided under federal laws, attorneys' fees, together with any post judgement interest, court costs, and such further relief as this Court deems just and proper.

**COUNT 15 - CLAIM AGAINST KILMER COGNIZABLE UNDER 42 U.S.C. § 1983**

230.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth more fully herein.

231.    Defendant KILMER was, at all times relevant to PLAINTIFFS' claims, acting as an officer of OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE & EMS as Battalion Chief.

232.    On July 28, 2016, KILMER, while acting under color of law and/or in the course and scope of duties as firefighter officer of OSCEOLA COUNTY committed violations of state and federal laws.

233.    KILMER caused the Plaintiffs to completely lose their home, all of their personal property, including their animals, one of which was a service animal, that perished inside the burning home. They also lost all of their irreplaceable items of sentimental value.

234.    KILMER violated established laws by violating the Plaintiffs' rights under the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C. 1983 when the Plaintiffs were treated differently than similarly situated married homeowners in alike situations during a fire-incident for the following reasons.

235.    The Plaintiffs, DAVID AND CHARYL EUWEMA, had a large home situated on .7 acres of land and had pets, one of which was a service animal. Additionally, when the fire began, it was contained to the front porch without much movement.

236.    There exist instances of other similarly situated families who were not treated with the same disdain and lack of care and/or violations of law as PLAINTIFFS. For example, in a

similar situation where other married homeowners also had a .7 acre plot of land, a dog, a house fire that began in the front of the home, and flames that were coming through the roof when the firefighters arrived, Defendants managed to save the home and a majority of the family's items even though there was a fatality.

237.    Unfortunately, in this instance, KILMER deliberately allowed the Plaintiffs' home to burn down rather than placing any efforts towards neutralizing the fire or protecting Plaintiffs' property and despite clear opportunities to save Plaintiffs' home due to animus, discrimination, and/or unequal treatment.

238.    KILMER treated PLAINTIFFS unequally and essentially decided not to fight the fire at the home.

239.    KILMER provided PLAINTIFFS with unequal treatment by failing to establish a command post, failing to establish a sufficient water source, failing to properly lead and supervise other firefighters, failing to properly set up rehab, assigned a civilian doctor to rehab, and committed other egregious acts.

240.    These actions caused the violation and deprivation of the Plaintiffs' rights pursuant to the Equal Protection Clause of the 14th Amendment of the United States Constitution.

241.    There is no rational basis for the difference in treatment from other similarly situated person (as described in paragraphs 219–22 above) that the Plaintiffs DAVID and CHARYL EUWEMA received as a class of one.

242.    The Plaintiffs loss of literally everything in their lives resulted from the actions and/or inactions by KILMER by his unequal treatment.

243.    KILMER's improper behavior is evidenced throughout this complaint (including but not limited to paragraphs 21–48, 180–183, etc.) when he did not establish a Command

Post, was difficult to contact during the fire, and allowed a refreshment break for the firefighters even though the home was still burning, amongst other egregious behaviors which evidenced a deliberate indifference for the rights of others, the PLAINTIFFS in particular.

244.   The actions and inactions of KILMER resulted in the Plaintiffs, DAVID and CHARYL EUWEMA, sustaining actual damages, suffering mental anguish, and enduring loss of capacity for the enjoyment of life.

245.   Furthermore, Plaintiffs DAVID AND CHARYL EUWEMA, suffered complete loss of their home, all of their personal property, and their animals, one of which was a service animal and was inside of the burning home. They lost all of their irreplaceable items of sentimental value. Moreover, they suffered personal injury, mental anguish (including post-traumatic stress syndrome, economic damages (including lost wages and lost earning capacity), and loss of capacity for enjoyment of life. The loss is continuing, and they will continue to suffer from this loss into the future.

246.   WHEREFORE, Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against KILMER, for actual damages, consequential damages, compensatory damages, punitive damages, any relief provided under federal laws, attorneys' fees, together with any post judgement interest, court costs, and such further relief as this Court deems just and proper.

**COUNT 16 – CLAIMS COGNIZABLE UNDER 42 U.S.C. § 1983 FOR FAILURE TO TRAIN**

247.   Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth more fully herein.

248.   Defendants ORANGE COUNTY, ORANGE COUNTY FIRE RESCUE, CITY OF ST. CLOUD, ST. CLOUD FIRE RESCUE, CITY OF KISSIMMEE, and KISSIMMEE FIRE

DEPARTMENT (to be collectively referred to as "adjacent fire-departments") are subdivisions of the State of Florida, organized and existing under the laws of the State of Florida. This is a count for failure to train against the adjacent fire-departments for their joint actions against Plaintiffs.

249.    DEFENDANTS have waived sovereign immunity for situations where state actors, such as DEFENDANTS, cause damages to persons for unequal treatment, discrimination, and the like pursuant to Florida Statute § 768.28(18) and applicable Federal law.

250.    On July 28, 2016, the adjacent fire-departments, while acting under color of law and/or in the course and scope of their respective duties as firefighters/fire departments, caused the Plaintiffs to completely lose their home, all of their personal property, including their animals, one of which was a service animal the perished inside the burning home. They also lost all of their irreplaceable items of sentimental value.

251.    The adjacent fire-departments violated clearly established laws by violating the Plaintiffs' rights under the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C 1983 when the Plaintiffs were treated differently than similarly situated married homeowners in alike situations.

252.    The Plaintiffs, DAVID AND CHARYL EUWEMA, had a large home situated on .7 acres of land and had pets, one of which was a service animal. Additionally, when the fire began, it was contained to the front porch without much movement.

253.    There exist instances of other similarly situated families, as described in paragraphs 219–22, who were not treated with the same disdain and lack of care and/or violations of law as PLAINTIFFS.

254.     Respectively and/or jointly, each adjacent fire-department deliberately allowed the Plaintiffs' home to burn down, failed to utilize water to put out the fire even though it was available, failed to provide assistance and other rescue-related duties, failed to properly lead and supervise their respective firefighters, failed to provide guidance and improvements to OSCEOLA COUNTY & OSCEOLA COUNTY FIRE RESCUE EMS despite knowing that OSCEOLA COUNTY was not acting by standard operational procedures, and committed other acts.

255.     Moreover, each adjacent fire-department deprived PLAINTIFFS' of their right to equal treatment because there exists a failure to train in the following regard (non-exclusive list):

   a.   Failure to train on appropriate procedures to handle persons with certain disabilities (i.e. what Defendants have called "hoarding");

   b.   Failure to train on appropriate procedures/mechanisms to serve public safety and rescue situations in multi-unit fire dispatch scenarios; and/or

   c.   Failure to train on appropriate procedures/mechanisms to appropriately protect persons/property and prevent further damage to persons/property.

256.     This resulted in the loss of all PLAINTIFFS' personal property, and all their animals, one of which was a service animal.

257.     The failure to train their respective fire departments/employees amounts to a deliberate indifference to the rights of persons, like PLAINTIFFS, who would come into contact with the firefighters; the deliberate indifference arises from the obvious need to provide equal treatment in emergency services for individuals with disabilities and the need for further

training when fire-departments are dispatched to assist others in circumstances where property is being deliberately damaged by adjacent fire-departments.

258.    To provide further description, the adjacent fire-departments' failure to correct the violations of clearly established laws and guidelines pertaining to equal services and proper accommodations to all citizens, stems from each departments' respective failures by essentially acting as agents of OSCEOLA COUNTY FIRE & RESCUE EMS and OSCEOLA COUNTY; they blinding followed the egregious faulty command of OSCEOLA COUNTY despite knowing the precise failures of that county's command.

259.    The adjacent fire-departments failed to protect PLAINTIFFS' right of equal treatment; they did not address OSCEOLA COUNTY'S deliberate acts against PLAINTIFFS and continued tolerating it rather than correcting it or providing improvements, perpetuating the conduct that caused the PLAINTIFFS complete loss. As a result, this symbolic affirmation became custom, a roadmap, and ultimately the policy for all respective adjacent fire-departments to follow.

260.    The adjacent fire-departments fail to train their employees/agents on how to handle such situations and instead allow families (who they have willingly come to assist) to suffer and endure damage.

261.    The adjacent fire-departments failed to train their employees/agents on protocols and standard operating procedures that would ensure that citizens' homes were saved and/or protected as much as possible, regardless of improper behavior by any other entity, Battalion Fire Chief or other superior officer.

262.    These failures to train are fairly said to represent policies of discrimination, unequal treatment, and reckless indifference to the rights of individuals.

263.    There is no rational basis for the difference in treatment that the Plaintiffs DAVID and CHARYL EUWEMA received as a class of one.

264.    The Plaintiffs loss of literally everything in their lives resulted from the actions and/or inactions by each adjacent fire-departments' respective failures to train by allowing inconsistent and vague customs, policies, and guidelines.

265.    Their actions, inactions, and other egregious behaviors constitute deliberate indifference for the rights and safety of others, the PLAINTIFFS in particular.

266.    These actions caused the violation and deprivation of the Plaintiffs' rights pursuant to the Equal Protection Clause of the 14th Amendment of the United States Constitution.

267.    The actions and inactions of the adjacent fire-departments resulted in the Plaintiffs, DAVID and CHARYL EUWEMA, sustaining actual damages, suffering mental anguish, and enduring loss of capacity for the enjoyment of life.

268.    Furthermore, Plaintiffs DAVID AND CHARYL EUWEMA, suffered complete loss of their home, all of their personal property, and their animals, one of which was a service animal and was inside of the burning home. Additionally, they experienced personal injuries, economic damages (including lost wages and lost earning capacity), and the loss of enjoyment of life, amongst other things. The loss is continuing, and they will continue to suffer from this loss into the future.

269.    **WHEREFORE**, Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against Defendants, the adjacent fire-departments, for actual damages, consequential damages, compensatory damages, any relief provided under federal laws, attorneys' fees, together with any post judgement interest, court costs, and such further relief as this Court deems just and proper.

**COUNT 17 – CLAIMS COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST OSCEOLA COUNTY/OSCEOLA FIRE RESCUE & EMS FOR FAILURE TO TRAIN**

270.    Plaintiffs re-assert and re-allege the contents of paragraphs 1 through 50 above, as if set forth more fully herein.

271.    Defendants OSCEOLA COUNTY/OSCEOLA COUNTY FIRE RESCUE & EMS ("OSCEOLA") are subdivisions of the State of Florida, organized and existing under the laws of the State of Florida.

272.    OSCEOLA has waived sovereign immunity for situations where state actors, such as OSCEOLA, cause damages to persons for unequal treatment, discrimination, and the like pursuant to Florida Statute § 768.28(18) and applicable Federal law.

273.    On July 28, 2016, OSCEOLA, while acting under color of law and/or in the course and scope of their respective duties as firefighters/fire departments, caused the Plaintiffs to completely lose their home, all of their personal property, including their animals, one of which was a service animal the perished inside the burning home.

274.    OSCEOLA violated clearly established laws by violating the Plaintiffs' rights under the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C 1983 when the Plaintiffs were treated differently than similarly situated married homeowners in alike situations.

275.    The Plaintiffs, DAVID AND CHARYL EUWEMA, had a large home situated on .7 acres of land and had pets, one of which was a service animal. Additionally, when the fire began, it was contained to the front porch without much movement.

276.    There exist instances of other similarly situated families who were not treated with the same disdain and lack of care and/or violations of law as PLAINTIFFS (as described in paragraphs 219–2).

277.    Unfortunately, in this instance, OSCEOLA deliberately allowed the Plaintiffs' home to burn down rather than placing any efforts towards neutralizing the fire or protecting Plaintiffs' property and despite clear opportunities to save Plaintiffs' home due to animus, discrimination, and/or unequal treatment.

278.    OSCEOLA provided PLAINTIFFS with unequal treatment by failing to utilize water or other reasonable methods available to put out the fire even though it was available. OSCEOLA treated PLAINTIFFS unequally (likely for reasons described in the count above or other reasons) and essentially decided not to fight the fire at the home.

279.    Additionally, OSCEOLA failed to establish a command post, failed to establish a sufficient water source, failed to properly lead and supervise other firefighters, failed to properly set up rehab, assigned a civilian doctor to rehab, and committed other egregious acts.

280.    OSCEOLA deprived PLAINTIFFS of their right to equal treatment because there exists a failure to train in the following regard (non-exclusive list):

  a.   Failure to train on appropriate procedures to handle persons with certain disabilities (i.e. what Defendants have called "hoarding");

  b.   Failure to train on procedures/mechanisms to appropriately protect persons/property and prevent further damage to persons/property; and

  c.   Failure to train human-resources type employees/agents on appropriate hiring/retention processes (rather than re-hiring employees terminated for known gross misconduct).

281.    This resulted in the loss of all PLAINTIFFS' personal property, and all their animals, one of which was a service animal. Ultimately, the PLAINTIFFS lost everything, including all their irreplaceable items of sentiment.

282.    OSCEOLA's failure to train amounts to a deliberate indifference to the rights of persons, like PLAINTIFFS, who would come into contact with the firefighters; the deliberate indifference arises from the obvious need to provide equal treatment in emergency services for individuals with disabilities, the need for training on employment policies/procedures because OSCEOLA has a history of rehiring/retaining previously terminated employees with records of gross misconduct, and the need for training individual firefighters on measures to prevent further damage to persons/property (specifically when a fire fighter has "gone rogue" and rather than allowing destruction by the acts of one or more of their agents).

283.    These failures to train are fairly said to represent policies of discrimination, unequal treatment, and reckless indifference to the rights of individuals.

284.    There is no rational basis for the difference in treatment that the Plaintiffs DAVID and CHARYL EUWEMA received as a class of one.

285.    The Plaintiffs loss of literally everything in their lives resulted from the actions and/or inactions by OSCEOLA's vague customs, policies, and guidelines allowing firefighters to conduct (or not conduct) their responsibilities based on motives of inequality and allowing employment departments to place the public/individuals at risk in their hiring operations.

286.    Their actions, inactions, and other egregious behaviors constitute deliberate indifference for the rights and safety of others, the PLAINTIFFS in particular.

287.    These actions caused the violation and deprivation of the Plaintiffs' rights pursuant to the Equal Protection Clause of the 14th Amendment of the United States Constitution.

288.    The actions and inactions of OSCEOLA's resulted in the Plaintiffs, DAVID and CHARYL EUWEMA, sustaining actual damages, suffering mental anguish, and enduring loss of capacity for the enjoyment of life.

289.   Furthermore, Plaintiffs DAVID AND CHARYL EUWEMA, suffered complete loss of their home, all of their personal property, and their animals, one of which was a service animal and was inside of the burning home. They lost all of their irreplaceable items of sentimental value. Additionally, they experienced personal injuries, economic damages (including lost wages and lost earning capacity), and the loss of enjoyment of life, amongst other things. The loss is continuing, and they will continue to suffer from this loss into the future.

290.   **WHEREFORE**, Plaintiffs, DAVID and CHARYL EUWEMA, respectfully request a judgment in their favor and against OSCEOLA, for actual damages, consequential damages, compensatory damages, any relief provided under federal laws, attorneys' fees, together with any post judgement interest, court costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFFS respectfully request a jury trial on all issues above.

## RESERVATION OF THE RIGHT TO AMEND COMPLAINT

PLAINTIFFS reserve the right to file amendments to this complaint as may be appropriate.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing was filed with the Clerk of the Court this 26th day of July 2019 by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System.

*/s/ Jolynn Marie Falto-Tomas*
**Kevin Ross-Andino # 66214**
kevin.ross@eclatlaw.com
**Jolynn Marie Falto #1002743**
jfalto@eclatlaw.com

**éclat Law LLP**
307 Cranes Roost Blvd, Suite 2010
Altamonte Springs, Florida 32701
Office: (407) 636-7004|Fax: (888) 413-0249
*Counsel for David and Charyl Euwema*