UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID EUWEMA and CHARYL EUWEMA,

        Plaintiffs,

v.          Case No: 6:20-cv-1375-Orl-RBD-DCI

OCSCEOLA COUNTY,
OSCEOLA COUNTY FIRE
RESCUE & EMS, ORANGE
COUNTY, ORANGE COUNTY
FIRE & RESCUE, CITY OF ST.
CLOUD, CITY OF ST. CLOUD
FIRE & RESCUE, CITY OF
KISSIMMEE, CITY OF
KISSIMMEE FIRE
DEPARTMENT, and SCOTT
KILMER

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    MOTION TO REMAND TO STATE COURT (DOC. 37)
>
> **FILED:**    August 25, 2020
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

David Euwema and Charyl Euwema (Plaintiffs) initiated this case in state court against Defendants in a matter stemming from Defendants' response to a fire at Plaintiffs' home. For a

second time, the propriety of Defendants' removal pursuant to 28 U.S.C. § 1146 is before the Court and most recently because Plaintiffs have filed a Motion to Remand the instant case (the Motion). Doc. 37. The procedural history of this case and its predecessor would lend itself to a law school exam question in civil procedure, and the briefing did little to add clarity to the events that transpired in both state and federal courts. In the end, the undersigned recommends that remand is not warranted based on Plaintiffs' arguments.

## I.     Procedural History

In July 2019, Plaintiffs began litigating their claims against Defendants in state court pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and Florida state law. In September 2019, Defendants removed the case to this Court. *Euwema v. Oceola County, et. al.*, Case No. 6:19-cv-1760-RBD-LRH (M.D. Fla. Sept. 9, 2019). On December 5, 2019, the Court granted Plaintiffs' request for remand because the case was removed without Defendant Kilmer's consent which violated the unanimity requirement of 28 U.S.C. § 1446(b)(2). Notably, the Court mentioned that service of the Kissimmee Defendants was disputed but found that it was unnecessary to determine if service was proper in light of the ruling on consent. The federal case was closed and litigation in state court ensued.

On July 31, 2020, the Defendants again removed the case to federal court and the instant federal action commenced. *Euwema v. Osceola County, et. al.*, Case No. 6:20-cv-1375-RBD-DCI. On August 25, 2020, Plaintiffs filed the Motion that is before the undersigned arguing that remand is appropriate under Rule 11 of the Federal Rules of Civil Procedure because Defendants engaged in a "duplicitous litigation scheme to circumvent a prior order of this very court remanding this case in December 2019, the proverbial 'gotcha' litigation tactic." Doc. 27 at 1. Plaintiffs contend that the removal was improper because Defendants have perpetuated a fraud upon the Court in

violation of 28 U.S.C. § 1446, the removal statute. *Id*. at 11. This argument relates to the service issue surrounding the Kissimmee Defendants.

From what the undersigned can glean from the Motion, Response, and Reply, back in August 2019, Plaintiffs served Maria Damas, who appears to be an administrative assistant working for the City of Kissimmee. Doc. 37 at 4, 5. The case was subsequently removed in the original federal action and, in October 2019, the Kissimmee Defendants moved to quash service arguing that Ms. Damas did not have the authority to accept service on its behalf. *Id*. at 5; Doc. 42 at 2. The Court in Case No. 6:19-cv-1760-RBD-DCI declined to rule on the request to quash and the case was remanded. Doc. 42 at 3. The state court then heard the Kissimmee Defendants' motion to quash service and on June 2, 2020, found that service on Ms. Damas was improper and directed Plaintiffs to re-serve Kissimmee. *Id*.; Doc. 37 at 6. Plaintiffs did not appeal the order. Doc. 51 at 1.

According to the pending Motion, Plaintiffs state that the Osceola County Sheriff's Department effectuated service of process on Kissimmee on July 14, 2020. Doc. 37 at 7; Doc. 42 at 9. Maria Damas accepted service. *Id*. On July 31, 2020, within 30 days of that service, the Kissimmee Defendants removed the case to this Court pursuant to § 1446 with the consent of the other Defendants. Doc. 42 at 3. Plaintiffs contend that Kissimmee engaged in fraud by removing the case "based upon the service of process on Kissimmee from July 14, 2020" and move for remand. Doc. 37 at 13.

**II.   Analysis**

Plaintiffs argue that the only reason Kissimmee "continue[d] the original dispute over alleged improper service" is to have a second chance to remove the case, bypassing the remand order entered in the previous federal case. Doc. 37 at 2, 4. In doing so, Plaintiffs contend that the

Kissimmee Defendants failed to comply with the Rule 11 requirement to make candid, truthful representations to the Court which conflicts with the strict construction of § 1446. *Id*. Indeed, 28 U.S.C. § 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Plaintiffs state that Kissimmee's lead counsel has been actively engaged in litigation since the inception of the original state case and the motion to quash in state court was not filed until April 17, 2020. Doc. 37 at 7, 9. Plaintiffs complain that Defendants do not *currently* have an issue with service on Ms. Damas even though it was the basis for the motion to quash because it suits their "gamesmanship" efforts. *Id*. at 12-13. According to Plaintiffs, the Kissimmee Defendants state that they have the ability to waive service of process whenever they choose but Plaintiffs assert that "[t]his post-claim waiver of service of process is disingenuous." *Id*. at 15-17. Based on the foregoing, Plaintiffs argue that the removal was for an improper purpose "violating Fed.R.Civ.P. 11 and thereby 28 U.S.C. § 1446(a)." *Id*. at 13.

To the contrary, Defendants jointly respond that they have the right to remove the case to federal court because they had 30 days upon service of process to file a notice pursuant to § 1446. Specifically, Defendants state that the other defendants had 30 days from service of the complaint upon the last-served defendant to file their consent to removal of the case, and since the original service of process was improper, they had 30 days to remove the case upon the renewed service of process. Doc. 42 at 4-5. Defendants argue that Plaintiffs are making an improper attack on the state court order granting the motion to quash and any arguments regarding the propriety of the original service of process on the Kissimmee Defendants are moot. *Id*. at 5. Defendants jointly

contend that the Kissimmee Defendants had the right to quash the improper service, the state court agreed with their position, and the party had the ability to voluntarily waive service of process on the re-service. *Id*. In sum, Defendants argue that the alleged delay in removal was Plaintiffs' own doing and there is no evidence of duplicitous conduct. *Id*. at 7-8.

The undersigned finds that Plaintiffs' Rule 11 arguments do not support remand given the facts of this case. Plaintiffs are correct that Rule 11 sanctions may be awarded by the Court in the context of a removal because § 1446(a) expressly requires that a notice of removal be signed pursuant to Rule 11. *Hajdasz v. Magic Burgers*, 2018 U.S. Dist. LEXIS 222910, at *7 (M.D. Fla. Dec. 10, 2018). "This reference to Rule 11 is redundant because Rule 11 would apply anyway, but the reference constitutes an extra-special warning to removing defendants that they are subject to sanctions if the averments in their notice of removal are not well grounded in fact and warranted by law." *Id*. (citing *Gray v. New York Life Ins. Co.*, 906 F. Supp. 628, 630 (N.D. Ala. 1995) (construing the changes made to §§ 1446 and 1447 by the Judicial Improvements and Access to Justice Act of 1988 and finding that Congress made explicit that attorney's fees could be awarded even where there was no finding of "bad faith" or "wrongdoing"; awarding attorney's fees of $10,674 as part of remand for defendant's removal of case erroneously based on ERISA claim)).

"Congress amended § 1446 'to make it clear' that the 'sanctions available under Rule 11,' would also be 'available in cases of improvident removal.'" *Hajdasz*, 2018 U.S. Dist. LEXIS 222910, at *11. Under Rule 11, the Court can impose sanctions "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper

purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001); *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (quotation omitted).

Assuming a case would be remanded if there was a Rule 11 violation based on an "improvident removal,"[1] the undersigned suggests that there is nothing to show that the removal in this case actually violated Rule 11. While Defendants may have taken advantage of the procedural posture of the case after the state court ruled on the motion to quash, there is no evidence or sufficient allegation that reflects bad faith, duplicity, or that the removal occurred without a factual or reasonable basis. There is no adequate argument here that Defendants' second effort to remove the case was not grounded in the law.[2] The undersigned finds that this is especially true

---

[1] *See e.g.*, *Mortgage Electronic Registration Systems, Inc. v. Malugen*, Case No. 6:11-cv-2033 (M.D. Fla. Jan. 17, 2012) (granting motion to remand and expressing concerns that there was a Rule 11 violation based on the notice of removal).

[2] Upon review of the Motion, the undersigned had a question as to whether the re-service of the complaint after the ruling on the motion to quash restarted the 30-day service clock. Specifically, under § 1446(b), a defendant must file its notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Assuming the Kissimmee Defendants received the initial complaint even though service was deemed improper, the undersigned was concerned that the reservice did not restart the time to remove. Indeed, there did not appear to be clear binding precedent on this precise issue. *See Miami Herald Media Co. v. Fla. DOT*, 345 Supp. 3d 1349, 1366 (N.D. Fla. 2018) (finding that the plaintiffs' suggestion that the 30 day period set forth in § 1446(b) was triggered upon receipt of the informal notice was misplaced because the time period is triggered by formal service of the summons and complaint); *but see Lowengart v. Cephus Capital Mgmt., LLC*, 677 F. Supp. 2d 1280, 1282-83 (N.D. Ala. 2009) (quoting *Mermelstein v. Maki*, 830 F. Supp. 180 (S.D.N.Y. 1993) (noting that there is disagreement among the district courts as to whether the period for removal is triggered by proper service or mere receipt of the pleadings by the defendant and finding that some districts follow the "receipt rule" and the defendant received the complaint well before removal.). In any event, while timeliness of the removal was a concern, the undersigned recognizes that § 1447(c) does not authorize the Court to *sua sponte* remand an action due to a procedural defect in the removal process. *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F.App'x 899, 906 (11th Cir. 2016) (finding that a district court could not remand based on a procedural defect that it raised *sua sponte* if the district court was not prompted by a procedural defect motion to remand.). Accordingly, the undersigned recommends that it is not proper to analyze the timeliness of removal because Plaintiffs did not raise the issue in the Motion, and it is waived. *See Goldstein v. GFS Mkt. Realty Four, LLC*, 2016 U.S. Dist. LEXIS 128839, *29 (S.D. Fla. (Sept. 21, 1016) (finding that the

because Plaintiffs actually created the opportunity for Defendants to remove by improperly serving the Kissimmee Defendants which led to the motion to quash. Likewise, to the extent that Plaintiffs make much ado about Defendants' decision to waive service of process upon reservice to Ms. Damas, it seems to the undersigned that Plaintiffs made this a possibility by serving the exact same individual who was the subject of the original motion to quash and cannot now complain that Defendants decided to invoke waiver. Accordingly, while Plaintiffs describe this as an attempt to get around the remand order, there is no showing that Defendants "perpetuated fraud upon this Court."

The undersigned recognizes that Plaintiffs have submitted a Notice of Filing Request to Take Judicial Notice with respect to a disciplinary action before the Florida Supreme Court. Doc. 39. Plaintiffs state that an attorney who is not involved in the instant case was suspended for filing numerous motions to quash service of process. *Id*. at 39. Plaintiffs have attached a synopsis of the suspension which provides that an attorney was suspended for filing numerous motions to quash service of process without independently investigating to determine if service was valid or if his client was evading service. *Id*. at 39-2 at 4. The Florida Supreme Court found that the attorney took no step to verify the authenticity of his client's signature and his actions caused significant and unjust delays in litigation. *Id*. Plaintiffs argue that the conduct is analogous to this

---

plaintiff waived the argument that could have justified remand because it was not raised). Assuming *arguendo* the Motion can be construed as bringing a timeliness challenge, the undersigned notes that "the time-window in 1446(b) is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, *but not by mere receipt* of the complaint unattended by any formal service." *Hooker v. Sec'y Dep't of Veterans Affairs*, 599 Fed. Appx. 857, 860 (11th Cir. 2014) (quoting *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 244, 348 (1999)) (emphasis added).

case. Doc. 39 at 1. The undersigned does not agree and finds the suspension to be inapposite to the facts of this case. Once this Court remanded the case to state court, Defendants pursued the motion to quash which was granted and upon that decision removed the case. The state court obviously found that it was proper to grant the motion and to direct the Kissimmee Defendants to be reserved. That is the law of the case and there is no showing that the Defendants' conduct was done to unduly delay litigation in this matter.

### III. Conclusion

Based on the foregoing, the undersigned recommends that the Motion to Remand (Doc. 37) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on September 28, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Parties